Holly Johanknecht AK. No. 0511103
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
Tel: (907) 565-1002
Fax: (907) 565-1000
hollyj@dlcak.org
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Disability Law Center,<br>        Plaintiff,<br><br>vs.<br><br>Matanuska-Susitna Borough School District,<br>        Defendant | Case No.<br><br><br><br><br><br>**Complaint** |

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This is an action brought to secure rights conferred by the Developmental Disabilities Assistance and Bill of Rights Act of 2000 at 42 U.S.C. § 15041 et seq (DD Act).

2. Venue is proper in this Court under 28 U.S.C. § 1391. Defendant, Matanuska-Susitna Borough School District (MSBSD), has its principal place of business within the District of Alaska and all of the events giving rise to this action occurred in the District of Alaska.

## PARTIES

3. Disability Law Center of Alaska (DLC) is the federally mandated protection and advocacy agency for the State of Alaska, established to protect the rights of individuals with developmental disabilities.

4. MSBSD is the school district responsible for the elementary school where the events giving rise to this action occurred, and they are responsible for hiring, firing and disciplining its teacher employees.

## FACTUAL ALLEGATIONS

5. On or about May 22, 2006, DLC received a report of abuse by and/or involving a special education teacher, Ms. M[1], at Finger Lake Elementary School during the 2005-2006 school year.

6. This report alleged several types of inappropriate behavior by a teacher, Ms. M, including force-feeding of and excessive and inappropriate restraint towards elementary age students with disabilities, at least some of whom were non-verbal.

7. This report also alleged that as a result of these inappropriate behaviors, one parent removed her child from the classroom before the end of the school year.

8. After receiving this report, DLC contacted the principal of the school and requested a copy of Finger Lake's principal's internal investigation into the matter and arranged a meeting with the principal.

9. On Thursday, August 24, 2006 a DLC investigator met with the principal and obtained copies of various materials related to the principal's investigation into the allegations of abuse.

---

[1] Given the relatively cooperative spirit of interactions thus far between MSBSD and DLC, the name of the teacher involved has been kept confidential in this document.

DLC v. MSBSD  Page 2 of 5
Complaint

10. After reviewing these materials, DLC determined that an investigation into the allegations was necessary based on the severity of the conduct alleged, the potential for ongoing abuse or neglect and the vulnerable nature of the children involved.

11. On August 25, 2006 DLC communicated its concerns to the attorney for the school district. In that letter DLC, requested that Ms. M be removed from the classroom during the course of its investigation. In addition, DLC requested the directory information of the students currently in the classroom, as well as the information of those students in the classroom for the 2005-2006 school year. DLC also requested that interviews be arranged with staff members involved in the schools investigation of the matter, as well as an interview with the teacher. Finally, DLC requested copies of any and all disciplinary reports, file notes, incident reports and similar documents in the teacher's personnel file.

12. On August 28, 2006 the school district rejected DLC's request to remove the teacher at issue from the classroom stating that "discipline has been imposed". The district also refused to provide DLC with the requested information from the teacher's personnel file.

13. On or around August 29, 2006, in a telephone conversation between DLC and the attorney for the school district, the district made references to several actions taken as a result of the investigation into the allegations of abuse, including additional training for Ms. M, a smaller class size and a change in classroom location.

14. On Wednesday, August 30, 2006, a DLC investigator undertook interviews with seven staff members. However, Ms. M refused to participate in an interview with DLC.

15. The interviews confirmed and substantiated at least some instances of abuse towards disabled children by Ms. M. during the 2005-2006 school year.

16. During the course of the interviews the DLC investigator learned that Ms. M is alone with the non-verbal, disabled 1st and 2nd grade students in her class for at least one hour a day.

17. On August 30, 2006 the district provided DLC with the requested directory information.

18. On September 5, 2006, DLC requested that written confirmation of the steps taken by the district to ensure the safety of the students be provided. DLC again requested the teacher's personnel file citing 45 C.F.R. §1386.22(b)(2). DLC also indicated that based on its statutory access authority, the requested documents must be provided within a three day period from the date of the request.

19. As of September 12, 2006, the district has refused to provide Ms. M's personnel file, and has not provided DLC with written confirmation regarding the safety of the students and the actions taken by the district as a result of the investigation.

## CLAIM FOR RELIEF NO. 1.

## VIOLATION OF 45 C.F.R. § 1386.22(b)(2).

20. Defendant MSBSD has violated the DD Act by failing to allow DLC access to any documentation to establish the safety of the students and the personnel records of Ms. M and any documentation outlining what measures the district took as a result of their investigation of the allegations of abuse against her. 45 C.F.R. § 1386.22(b)(2)(ii – iii).

## RELIEF REQUESTED

WHEREFORE, pursuant to this Court's authority and jurisdiction under 42 U.S.C. § 15041 et seq., DLC hereby requests that the Court:

1. Order MSBSD to provide DLC with a full and complete copy of the personnel files of Ms. M.

DLC v. MSBSD  Page 4 of 5
Complaint

2. Order MSBSD to provide DLC with any documents relating to the steps they have taken as a result of their investigation into the allegations of abuse and to ensure the safety of the students.

3. Attorney fees and costs for the drafting of this complaint and reasonable attorneys' fees and costs in the pursuit of this action.

4. All other appropriate relief consistent with the DD Act.

Dated in Anchorage, Alaska, this 12th day of September, 2006

    /s Holly J. Johanknecht
Holly J. Johanknecht AK Bar No. 0511103
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org