Holly Johanknecht AK. No. 0511103
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
Tel: (907) 565-1002
Fax: (907) 565-1000
hollyj@dlcak.org
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Disability Law Center of Alaska,<br>　　　　Plaintiff,<br><br>vs.<br><br>Matanuska-Susitna Borough School District,<br>　　　　Defendant | Case No. 3:06-cv-00216 TMB<br><br>Memorandum in Support of Plaintiff's Motion for Summary Judgment |

COMES NOW, the Plaintiff, by and through counsel, offers this memorandum in support of its Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff Disability Law Center (DLC) is the Protection and Advocacy agency in the state of Alaska. DLC is mandated to investigate reports of abuse and neglect involving individuals with disabilities. 42 U.S.C. § 15043(a)(1) - (2). In order to aid these investigations, DLC has federal statutory authority to access certain records under the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the DD Act).[1] 42 U.S.C. §15043.[2]

---

[1] 42 U.S.C. 15041 et seq. and the regulations promulgated thereunder.
[2] The investigation underlying the instant litigation involves individuals with developmental disabilities, therefore DLC's access authority is found in the DD Act. However, DLC has substantially similar access authority provided in the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI) 42 U.S.C. § 10801 et seq., and the Protection and Advocacy of Individual Rights Program of the Rehabilitation Act (PAIR) 29 U.S.C. § 794e.

DLC v. MSBSD　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 7
Case No. 3:06-cv-00216 (TMB)
Memorandum in Support of Plaintiff's Motion for Summary Judgment

## FACTS

DLC received a report of abuse by and/or involving a special education teacher at Finger Lake Elementary School during the 2005-2006 school year. This report alleged several types of inappropriate behavior by a teacher (hereinafter "the Teacher) towards elementary age students with disabilities.[3] After receiving this report, DLC contacted the principal of the school and requested a copy of the Finger Lake's internal investigation into the matter and arranged a meeting with the principal. A DLC investigator met with the principal and obtained copies of miscellaneous materials related to the District's investigation into the allegations of abuse. After reviewing these materials, DLC determined that a DLC investigation into the allegations was necessary based on the severity of the conduct alleged, the potential for ongoing abuse or neglect, and the vulnerable nature of the children involved.

DLC communicated its concerns to the attorney for the school district. In addition to several other requests, DLC requested documentation of the steps the district took as a result of their investigation to ensure the safety of the students and copies of any and all disciplinary reports, file notes, incident reports and similar documents in the Teacher's personnel file. The district refused to provide DLC with the requested information from the Teacher's personnel file and refused to provide documentation of the actions taken as a result of their investigation. Given DLC's statutory authority to access the requested materials, DLC filed a complaint in this court in an attempt to compel the district to provide the requested materials.

## STANDARD

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that judgment, "shall be rendered forthwith if the pleadings,

---

[3] Reported abuse/neglect includes inappropriate use of restraint, force feeding children, inappropriate physical contact with students, and yelling and/or screaming at children.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The initial burden is on the moving party, to demonstrate that "there is no genuine issue as to any material fact" Fed.R. Civ.P. 56(c). The burden then shifts to the non-moving party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a showing sufficient to establish the existence of an element, which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To demonstrate a genuine issue, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. … Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita* 475 U.S. at 587. (internal citation omitted)

## ARGUMENT

45 C.F.R. 1386.22(b)(2) grants DLC access to reports prepared by or for a facility that describe:

> (i) Abuse, neglect, injury, death; (ii) The steps taken to investigate the incidents; (iii) Reports and records, including personnel records, prepared or maintained by the facility in connection with such reports of incidents; or, (iv) Supporting information that was relied upon in creating a report, including all information and records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings

DLC v. MSBSD  Page 3 of 7
Case No. 3:06-cv-00216 (TMB)
Memorandum in Support of Plaintiff's Motion for Summary Judgment

During the course of its investigation of Defendant District, DLC requested various materials, including any internal report prepared by the district or school regarding the incident, documentation of the steps the district took as a result of their investigation to ensure the safety of the students and copies of any and all disciplinary reports, file notes, incident reports and similar documents in the teacher's personnel file.

Defendant District provided what they alleged to be the internal investigation (although it appears to be incomplete) but declined to provide documentation of the steps taken to ensure student safety and the requested portions of the teacher's personnel file. It is clear that the requested information falls within DLC's statutory access authority, and Defendant District has provided no sufficient justification for its refusal to comply with DLC's repeated requests.

## I. Documentation of remedial measures taken by the school and/or district are within DLC's access authority.

45 C.F.R. § 1386.22(b)(2) clearly states "Reports prepared … by or for such facility" regarding incidents of abuse or neglect are within DLC's access authority. Additionally, 45 C.F.R. § 1386(b)(2)(iv) states that "Supporting information that was relied upon in creating a report, including all information and records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the *related investigative findings*". (*emphasis added*).

Defendant purported to comply with DLC's request for its internal investigation report and related materials. *See* Exhibit A to Affidavit of Ronald Cowan. It is clear that a complete investigative report was not provided. Nowhere, in the materials provided, did the district clearly outline their findings, or describe what remedial steps would be taken at the conclusion of the

DLC v. MSBSD  Page 4 of 7
Case No. 3:06-cv-00216 (TMB)
Memorandum in Support of Plaintiff's Motion for Summary Judgment

investigation. Of particular importance to DLC is what steps the school took as a result of their investigation.

This type of information falls clearly within the limits of both 45 C.F.R. § 1386(b)(2)(iv) and 45 C.F.R. § 1386.22(b)(2)(iii). There must be some documentation or record that outlines what steps were taken by the school following the investigation. That information must be provided to DLC in compliance with the DD Act. DLC is aware of several steps allegedly taken by the school, however, documentation of those steps is required to ensure student safety, and to determine whether the school acted appropriately given the severity of the alleged abuse.[4]

## II. Teacher's personnel file falls within DLC's statutory authority.

45 C.F.R. § 1386 (b)(2)(iii) states that DLC's authority entitles it to "Reports and records, *including personnel records*, prepared or maintained by the facility in connection with such reports of incidents." (*emphasis added*). This regulation is unambiguous in its requirements. Personnel files, at a minimum the portion of personnel files relating to incidents of abuse and neglect, are within DLC's access authority and must be provided. DLC requested the materials several times and cited the above regulations in support of its request, but Defendant refused to comply.

In addition, 45 C.F.R. § 1386(b)(2)(iv) states that "*Supporting information that was relied upon in creating a report, including all information and records which describe persons who were interviewed, physical and documentary evidence that was reviewed*, and the related investigative findings" (*emphasis added*). In an interview with the Finger Lake Elementary School Principal, DLC Investigator Ronald Cowan asked whether the Teacher's personnel file

---

[4] The school principal and counsel for the defendant have identified several steps taken, including a reduction in class size, additional training of some sort, and moving the Teacher's classroom to a more centrally located and easily supervised location.

DLC v. MSBSD  Page 5 of 7
Case No. 3:06-cv-00216 (TMB)
Memorandum in Support of Plaintiff's Motion for Summary Judgment

was used or relied upon during the course of the investigation and in the determination of what remedial measures were necessary. *See* Affidavit of Ronald Cowan. The principal confirmed that the personnel file had been used during the investigation and during the determination of remedial measures. *Id.* Thus, it is clear that the personnel file, in its entirety, falls within 45 C.F.R. § 1386(b)(2)(iv) as both "information relied upon in creating a report" and "documentary evidence that was reviewed", and so should have been provided to DLC when requested.

## CONCLUSION

Given the unambiguous language in the above cited statutes and regulations, it is clear that all of the requested records and other materials are well within DLC's access authority. Thus Defendant's refusal to provide the requested materials is in violation of the DD Act. For the foregoing reasons, Plaintiff hereby moves the court to award summary judgment in Plaintiff's favor by ordering the following:

1. Defendant must immediately provide DLC with copies of the entire internal investigation and related materials, including any and all documentation referencing remedial measures taken as a result of the investigation.

2. Defendant must immediately provide DLC the entire personnel file of the Teacher.

3. In the alternative, Defendant must immediately provide to the court for its review, the entire personnel file of the Teacher. The court will then review said file and provide to DLC the portions of the Teacher's personnel file that reference any and all incidents of reported or suspected abuse and/or neglect, any and all references to parent or student complaints or concerns regarding potential abuse and/or neglect, and any and all references to discipline and/or remedial measures taken as a result of such reports, complaints or concerns.

DLC v. MSBSD  Page 6 of 7
Case No. 3:06-cv-00216 (TMB)
Memorandum in Support of Plaintiff's Motion for Summary Judgment

4. In the alternative, Defendant must immediately provide DLC with the portions of the Teacher's personnel file that reference any and all incidents of reported or suspected abuse and/or neglect, any discipline, any and all references to parent or student complaints or concerns regarding potential abuse and/or neglect, and/or any and all remedial measures taken as a result of such reports

5. Reasonable attorney's fees and costs for the pursuit of this action.

6. All other appropriate relief consistent with the DD Act.

Dated this 14th day of February 2007, at Anchorage, Alaska.

By: s/ Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
Tel: (907) 565-1002
Fax: (907) 565-1000
hollyj@dlcak.org
AK Bar No. 0511103

Certificate of Service

I hereby certify that on the 14th day
of February 2007, a true and correct
copy of this document was served electronically
on:

Matthew Teaford
Holmes Weddle and Barcott
701 W. 8th Ave, Suite 700
Anchorage, Alaska 99501


___s/Holly Johanknecht_____

DLC v. MSBSD                                                                                  Page 7 of 7
Case No. 3:06-cv-00216 (TMB)
Memorandum in Support of Plaintiff's Motion for Summary Judgment