# MINUTES OF THE UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

*Disability Law Center of Alaska v. Matanuska-Susitna Borough School District*
Case No. 3:06-cv-00216 TMB

By:     THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

At Docket No. 31, Plaintiff filed a status report informing the Court that the parties conferred via telephone, and Plaintiff learned that Defendant reviewed the personnel file at issue and found no reports, complaints, allegations or investigations of abuse or neglect. Plaintiff also informed the Court that Defendant was planning to file an affidavit to that effect. Plaintiff then requested that the Court issue a ruling relating to DLC's request for additional information about any remedial measures taken by Defendant as a result of its investigation.

At Docket No. 33, Defendant filed a reply to Plaintiff's status report, attaching an unsigned affidavit stating that nothing in the personnel file fell within DLC's request. Defendant also argued that the Court should dismiss the case because the information about remedial measures that DLC requested has already been given to DLC orally and Defendant should not have to create a document that does not already exist in order to respond to DLC's information request.

Plaintiff filed a request for a status conference in response. Plaintiff noted that if a signed and notarized affidavit was filed, the dispute over the personnel file would be resolved. A signed, notarized affidavit was filed at Docket No. 36, and therefore, the Court deems the personnel file issue to be resolved.

With respect to the remedial measures, the Court agrees that Defendant is not required to create any documents to satisfy DLC's information request. Under 45 C.F.R. § 1386.22:

> (b) Individual records to which P&A systems must have access under section 142(A)(2)(I) (whether written or in another medium, draft or final, including handwritten notes, electronic files, photographs or video or audio tape records) shall include, but shall not be limited to:
>
> (2) Reports prepared by an agency charged with investigating incidents of abuse or neglect, injury or death occurring at a facility or while the individual with a developmental disability is under the care of a member of the staff of a facility, or by or for such facility, that describe any or all of the following:
>
> (i) Abuse, neglect, injury, death;
>
> (ii) The steps taken to investigate the incidents;
>
> (iii) Reports and records, including personnel records, prepared or maintained by the facility in connection with such reports of incidents; or,
>
> (iv) Supporting information that was relied upon in creating a report, including all information and records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings.

The Court concludes that, if any written materials documenting remedial measures exist, Defendant is required to produce them. But under the statutes and regulations cited, Defendant is not required to create documentation where none exists.

Seeing no need for a status conference, the Court hereby DENIES Plaintiff's motion for a status conference at Docket No. 35. Since the parties have resolved the personnel file issue through a negotiated compromise, the motions for summary judgment at Docket Nos. 12 and 15 are hereby DENIED in part as moot. The Court concludes that Defendant is required to provide to Plaintiff any documentation of remedial measures that exists, but is not required to create any

documentation that does not exist. Plaintiff's motion for summary judgment at Docket No. 12 with respect to remedial measures is therefore GRANTED in part and DENIED in part. For the same reasons, Defendant's cross-motion for summary judgment at Docket No. 15 with respect to remedial measures is hereby GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 14, 2007